NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EFRAIN GONZALEZ-FRANCISCO; LUCAS GONZALEZ-LUCAS, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 21-70075 <br><br> Agency Nos. A200-630-148 <br> A209-443-494 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2026[**]
Pasadena, California

Before: FORREST, DESAI, and DE ALBA, Circuit Judges.

Efrain Gonzalez-Francisco ("Gonzalez-Francisco") and his son, both natives

and citizens of Guatemala, petition for review of a Board of Immigration Appeals

("BIA") decision dismissing their appeal of an immigration judge's order denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners allege that they fear persecution or torture if returned to Guatemala because Gonzalez-Francisco was harmed or threatened by gang members several times while living there. He argues that he was targeted on account of his race or status as an indigenous person. The agency denied petitioners' asylum and withholding of removal claims based on a lack of nexus to a protected ground and denied their CAT claims based on a lack of government acquiescence to torture.

We have jurisdiction under 8 U.S.C. § 1252. We review findings as to a persecutor's motive and whether the government would acquiesce in torture for substantial evidence. *Manzano v. Garland*, 104 F.4th 1202, 1209–10 (9th Cir. 2024); *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022). We deny the petition.

1.      Substantial evidence supports the BIA's conclusion that Gonzalez-Francisco did not establish a nexus between harm and a protected ground. The agency found that the gang members who attacked and threatened Gonzalez-Francisco were motivated by financial gain, and the record does not contain any contrary evidence. Indeed, Gonzalez-Francisco repeatedly testified that gang members attacked him because they believed he had money. Because substantial evidence supports the agency's conclusion that Gonzalez-Francisco's feared harm bears no nexus to a protected ground, his asylum and withholding of removal claims

2

fail. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam).

2.    Substantial evidence supports the BIA's conclusion that petitioners would not face torture by or with the acquiescence of the government. Although Gonzalez-Francisco testified that he reported two attacks to the police and they refused to help him because he did not have money, he also acknowledged that police did not ask him for money to investigate. And "a general ineffectiveness on the government's part to investigate and prevent crime" is not sufficient to show acquiescence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836–37 (9th Cir. 2016). Because the record reflects, at most, that the Guatemalan "government has been generally ineffective in preventing or investigating criminal activities," the record does not compel the conclusion that the government would acquiesce in future torture.[1] *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

The petition for review is **DENIED**.

---

[1]    Petitioners failed to exhaust their argument that the immigration court lacked jurisdiction over the removal proceedings based on defects in their Notices to Appear. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009). We decline to address it.

3